## POUTZ vs. *LOUISIANA STATE INSURANCE CO.*

The march of French troops into Spain in 1823, was an act of war of France against Spain.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petitioner insured with the defendants a quantity of merchandise, on board the ship Adele, bound for Havre, on a premium of twelve per cent. on their estimated value, but

East'n District.
*July* 1825.

POUTZ
*vs.*
LOUISIANA ST,
INS. CO.

subject to the condition that the insurers should return ten per cent. in case no act of war took place between France and Spain during the voyage.

The vessel reached Havre, the 17th of April, 1823, and on the 8th of the same month the French armies entered Spain.

The judge of the court of the first instance, decided in favor of the defendants. The petitioner appealed.

We are at a loss to conceive on what grounds it was expected this action could be maintained.

The policy of insurance does not make the return of a part of the premium depend on *a declaration of war*, but *an act of war*. The invasion of Spain by the French armies was most emphatically the latter. Its object was not merely to make war in the ordinary acceptation of the term, but to overthrow the government of the country. It was war against the constitutional and legitimate government of Spain, and it must have been in relation to that government the parties contracted. They did not intend to make their policy of insurance depend on the question who possessed *de jure* the sovereign authority of that country. Nor

East'n. District.
*July* 1825.

Poutz
*vs.*
Louisiana St.
Ins. co.

is it a question courts of justice can decide. They can only look to the government, which is recognised by their own. That established in Spain, at the period of the invasion by the French, was considered by the government of the United States, as representing the nation. An invasion, to destroy that government, must be considered an act of war against the state it represented; nor can it change the character of the act, that the French were secretly invited by the king to destroy the liberties of his country, and restore him to absolute power; until they succeeded, they were making war against the nation, because they were making war against the authorities constituted by that nation, and which authorities formed, at that time, its government. Had the patriots of Spain succeeded in repelling that invasion, and maintained the form of government they had established, there can be no doubt war would have existed between the two countries. Their failure cannot change the nature of the act. It must be tested by the situation of the contending parties, at the time the contest commenced, and while it continued, and not by their position after. There was no civil war in Spain, when France invaded it. There was

not two parties contending by arms for the go-
vernment. There was but one, that which the
French armies overthrew, and until they suc-
ceeded, they warred against the nation, be-
cause they warred against those who represent-
ed it. 3 *Wheaton*, 639.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

*Grymes and Eustes* for the plaintiff, *Workman*
for the defendants.